11 PLOTKIN, Judge,
dissenting.
A trial judge’s decision concerning the disqualification of counsel is entitled to great deference. Additionally, because of the constitutional right to self-representation, the prohibition against an attorney acting as both advocate and witness in the same proceeding should be applied delicately when an attorney elects to proceed pro se. After a careful review of the briefs on remand, I find no justification has been shown to warrant reversing the decision of the trial judge and disqualifying the attorneys from acting as their own advocates in this matter.
American courts are divided over whether the prohibition against an attorney acting as both advocate and witness applies to an attorney who elects to proceed pro se. Compare, e.g., Duncan v. Poythress, 777 F.2d 1508 (11th Cir.1985), cert. denied, 475 U.S. 1129, 106 S.Ct. 1659, 90 L.Ed.2d 201 (1986) with U.S. v. Johnston, 690 F.2d 638 (7th Cir.1982). The annotations to the Model Rules of Professional Conduct, however, cite favorably the decisions which have excepted the pro se attorney from the advocate-witness prohibition. Although an attorney proceeding pro se may trigger some of the strongest concerns underlying the witness-advocate rule because such an attorney is readily impeachable for interest and may dishonor the legal profession and justice system, I do not believe, as the majority does, that he should be utterly deprived of his right to self-representation simply because he is an attorney. Nor do I believe, however, that an attorney who elects to proceed pro se should always be free to combine the roles of advocate and witness. Instead, I believe each|2instance must be weighed carefully on its particular facts to determine when and in what manner it may be necessary to impinge upon an attorney’s right to represent himself.
Under the circumstances of this case, I believe the trial judge acted properly within his vast discretion to permit the attorneys to participate in discovery. The majority establishes a per se rule that requires any attorney who is sued for malpractice to hire outside counsel. I do not believe the majority’s approach is justified generally by the policies *452 underlying the prohibition against an attorney acting as both witness and advocate or on the showing made in this particular instance, Accordingly, I respectfully dissent.